UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRISTAN ROSE PERKINS, Independent Administratrix of Succession of the Decedent GERALDINE RABB PERKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO.  3:22-cv-05701-RJB<br><br>ORDER ON UNITED STATES' MOTION TO AMEND THE PROTECTIVE ORDER |

This matter comes before the Court on the United States' Motion to Amend the Protective Order.  Dkt. 41.  The Court has considered the pleadings filed regarding the motion and the remaining file.

This case arises from the June 6, 2020 death of Geraldine Rabb Perkins from pleural mesothelioma allegedly resulting from para-occupational and environmental exposure to asbestos fibers originating from Puget Sound Naval Shipyard ("PSNS").  Dkt. 1.  Her husband, Harang Joseph Perkins, an enlisted Navy Machinist Mate, was stationed at PSNS between 1968 and 1974 and worked aboard the *U.S.S. Sacramento*. *Id*.  Mrs. Perkins did his laundry and the

ORDER ON UNITED STATES' MOTION TO AMEND THE PROTECTIVE ORDER - 1

family lived in a home less than a mile from PSNS.  *Id.*  The Plaintiff, Mrs. Perkins' daughter and administratrix, sues the United States under the Federal Tort Claims Act, ("FTCA") 28 U.S.C. § 2671 *et. seq.*, for damages.  *Id.*

On March 13, 2023, the parties' stipulated protective order was entered.  Dkt. 14.  This order protects confidential material, to include personal financial and medical information, current and past government employees' protected activity, and "other records" that would potentially violate the Privacy Act, 5 U.S.C. § 552a.  *Id.*  The producing party designates whether material is confidential.  *Id.*

The United States now moves to amend the stipulated protective order (Dkt. 14) to include the release of Department of Defense technical information outside this litigation.  Dkt. 41.  It attached a proposed amended protective order to its motion.  Dkt. 41-1.  For the reasons provided below, the motion (Dkt. 41) should be granted.

I.     **FACTS**

At issue here are the United States' responses to the Plaintiff's Sixth Set of Requests for Production and Eighth Set of Requests for Production, both of which seek shipbuilding drawings (design plans, blueprints, schematics) and specifications for the *U.S.S. Sacramento* and other similar ships, dated prior to 1975.  Dkts. 42-1, 42-2, 42-5, 42-6, 42-7 and 42-10.

In its responses, the United States objects, arguing that some of the requests are vague, ambiguous, overbroad, burdensome and not proportional to the needs of this case.  Dkts. 42-2, 42-6, 42-7 and 42-10.  It contends that the requests involve around 5,000 pages of potentially responsive documents.  *Id.*

Further, the United States maintains that some of the technical manuals and materials Plaintiff requested contain "controlled" (rather than "classified") information governed by

Department of Defense Instruction ("DODI") 5230.24. *Id.* DODI 5230.24, in accordance with 10 U.S.C. § 133a, provides the process of how Department of Defense technical information is designated (e.g. "classified" or "controlled") and distributed ( e.g. "Department of Defense" or "publicly"). The government contends that a majority of the discovery at issue here, though, is "legacy material" (old) and so does not have a designation under DODI 5230.24. Dkt. 41. (Under 5230.24 § 4.2, technical information that is undesignated is permitted to be distributed to military and Department of Defense civilian employees only until a different designation is made.) In any event, the government asserts that after review, the Department of Defense approved the release of some technical information requested "for purposes of this litigation only," subject to the confidentiality protections in the stipulated protective order (Dkt. 14). Dkt. 42-10. The United States produced several responsive materials to the requests for production, (whether designated by the Department of Defense as "controlled" or undesignated) and marked each as "confidential." *See generally* Dkt. 42-6 and 42-7.

The Plaintiff objected, contending that the materials produced did not meet the stipulated protective order's definition of "confidential" materials. Dkts. 42-8 and 42-9. She further argued that the materials did not otherwise appear to merit a "confidential" designation, in part because the vessel was decommissioned in 2004 and scrapped in 2008. Dkts. 42-8 and 42-9.

The parties met and conferred and were unable to resolve this issue. Dkt. 42-11. The instant motion followed (Dkt. 41), the Plaintiff filed a response opposing the motion (Dkt. 43), the government filed a reply (Dkt. 45) and the motion is ripe for consideration.

## II. DISCUSSION

### A. PROTECTIVE ORDER STANDARD

1  Fed. R. Civ. P. 26(c)(1)(G) provides that, for good cause, an order may issue to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that . . . confidential . . . information not be revealed or be revealed only in a specified way. . ." To show that good cause exists, the United States, as the moving party, must demonstrate that a specific prejudice or harm will result if no protective order is granted. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.*

**B.  PROTECTIVE ORDER ON DEPARTMENT OF DEFENSE TECHNICAL INFORMATION**

The United States' motion (Dkt. 41) should be granted and the materials at issue should be treated as "confidential." The proposed amended protective order (Dkt. 41-1) should be entered. (The additional proposed language provides that "'confidential' material" includes "[a]ny Department of Defense technical information that has not previously been approved for public release pursuant to Department of Defense Instruction 5230.24, or its related instructions or regulations." Dkt. 41-1 at 2.)

The United States has sufficiently shown that harm will result from public release of the technical information sought by the Plaintiff which has not been approved by the Department of Defense for public release. It properly points out that the Plaintiff's disputed requests for production seek Department of Defense technical information.[1] The release of technical

---

[1] Under DODI 5230.24, "technical information" is defined as: "technical data . . . of any kind that can be used or adapted for use in the design, production, manufacture, assembly, repair, . . . engineering, development, operation, maintenance, adapting, testing, or reconstruction of goods or materiel . . . in an area of significant military applicability in the United States." Dkt. 42-4 at 34. Further, "the data may be in tangible form, such as a blueprint, photograph, plan, instruction, or an operating manual." *Id.* at 34-35. According to DODI 5230.24, examples of technical data include "engineering drawings, and associated lists; specifications; standards; process sheets; manuals; technical reports; technical orders; catalog-item identifications . . . and related information." *Id.* at 35.

ORDER ON UNITED STATES' MOTION TO AMEND THE PROTECTIVE ORDER - 4

information is subject to the process provided in Department of Defense Instruction 5230.4 as authorized by 10 U.S.C. § 133a.  This process is intended to protect, in part, "national and operational security," privacy, and intellectual property.  Dkt. 42-4 at 2.  The United States properly points out that although the *U.S.S. Sacramento* was decommissioned, public access to the details of the ship's technology raises clear national security concerns.  The United States' group designation of the materials does not change the analysis.

Ordinarily the public has a significant interest in an open court record.  The public interest here is not as substantial as that of the government's interest in national security.

The motion (Dkt. 41) should be granted.  The government's proposed amended protective order (Dkt. 41-1) will be entered.  The parties should be aware that this ruling may be revisited at trial.

### III.   ORDER

It is **ORDERED** that:

- The United States' Motion to Amend the Protective Order (Dkt. 41) **IS GRANTED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of February, 2024.

*[signature]*

ROBERT J. BRYAN
United States District Judge