UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRISTAN ROSE PERKINS, Independent Administratrix of Succession of the Decedent GERALDINE RABB PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 3:22-cv-05701-RJB<br><br>ORDER DENYING THE UNITED STATES' MOTION TO EXCLUDE AND DENYING WITHOUT PREJUDICE THE UNITED STATES' MOTION TO STRIKE |

This matter comes before the Court on the Defendant United States' Motion to Exclude the Opinion Testimony of Plaintiff's Experts Christopher Depasquale, Nicholas Heyer, Ph.D., and Richard Kradin, M.D., DTM&H (Dkt. 56) and the United States' motion to strike untimely supplemental expert disclosures (Dkt. 63). The Court has considered the pleadings filed regarding the motions and the remaining file.

This case arises from the June 6, 2020 death of Geraldine Rabb Perkins from pleural mesothelioma allegedly caused by para-occupational and environmental exposure to asbestos fibers originating from Puget Sound Naval Shipyard ("PSNS"). Dkt. 1. Her husband, Harang

Joseph Perkins, an enlisted Navy Machinist Mate, was stationed at PSNS between 1968 and 1974 and worked aboard the *U.S.S. Sacramento*. *Id.* Mrs. Perkins did his laundry and the family lived in a home less than a mile from PSNS. *Id.* The Plaintiff, Mrs. Perkins' daughter and administratrix, sues the United States under the Federal Tort Claims Act, ("FTCA") 28 U.S.C. § 2671 *et. seq.*, for damages. *Id.* A bench trial in this case is set to begin on June 10, 2024.

In support of her case, the Plaintiff relies on the opinions of Richard Kradin, M.D., DTM&H, Nicholas Heyer, Ph.D., and Christopher DePasquale. Dkt. 58. The United States now moves (in its reply) to strike supplemental expert disclosures (Dkt. 63) and moves to exclude each of these witnesses. Dkt. 56. For the reasons provided below, the motion should be denied.

## A. DR. RICHARD KRADIN

Dr. Kradin is a board-certified pulmonologist and pathologist who has specialized in treating pulmonary disease for over 40 years. Dkt. 62. He is an Associate Professor Emeritus of Pathology and Medicine at Harvard Medical School. *Id*. He has authored approximately 200 articles, including articles related to asbestos and the diseases it causes, which have been published in peer-reviewed literature. *Id.* He has authored three pathology textbooks and was the Primary Investigator for the National Institutes of Health-sponsored clinical trials regarding the immunological treatment of lung and other cancers. *Id.* He has cared for patients with asbestos-related disease and reviewed pathology specimens from patients with asbestos related diseases. *Id.*

Dr. Kradin opines generally on the causes of mesothelioma which, he contends, includes both para-occupational exposure (like doing asbestos contaminated laundry) and environmental exposure. *Id.* He further opines that Mrs. Perkins died of sarcomatoid malignant mesothelioma and that her "asbestos exposures, both through the laundering of her husband's contaminated

work clothing as well as through the environmental exposures she sustained residing near PSNS during the timeframe of March 1970 - March 1974 constitute significant exposures that were each substantial contributing factors in the development of her mesothelioma." Dkt. 62 at 3 and 9.  After being informed that Mrs. Perkins suffered breast cancer and received radiation treatment for it, Dr. Kradin concluded that Mrs. Perkins' malignant mesothelioma "was caused by the combined effects of asbestos and radiation." Dkt. 62 at 61.  He further opined that, "[t]here is no way to accurately parse the contribution of these two factors." Dkt. 62 at 61.

### B.  DR. NICHOLAS HEYER

Dr. Heyer holds a Ph.D. in Epidemiology from the University of Washington and a Master of Science in Public Health and Health Administration.  Dkt. 61.  He has over 30 years of experience in public health, including designing, conducting, and managing epidemiological studies and has published in peer-reviewed literature on the incidence of disease among asbestos-exposed cohorts.  *Id.*

Dr. Heyer's opinion reviews epidemiological studies, which in part, discuss the risk in exposure to asbestos.  *Id*.  He further opines how those studies apply to Ms. Perkins's exposure.  *Id.*

### C.  CHRISTOPHER DEPASQUALE, MPH, CIH

Mr. DePasquale is a Certified Industrial Hygienist, who has worked on issues of industrial hygiene and environmental health for the last 27 years.  Dkt. 60.  He is an Asbestos Inspector and Asbestos Management Planner and has conducted industrial hygiene, asbestos management, and indoor air quality studies.  *Id.* He has conducted asbestos sampling in over 100 buildings and has been an industrial hygiene consultant to the United States Public Health Service at numerous governmental buildings.  *Id.*

Mr. DePasquale's opinion reviews various industrial hygiene studies regarding asbestos and how those studies apply to Ms. Perkin's asbestos exposure. *Id.*

**D. PENDING MOTIONS**

The United States moves to exclude Plaintiff's experts. Dkt. 56. In its reply, the United States moves to strike portions of the Plaintiff's experts' supplemental disclosures that it contends are untimely. Dkt. 63. The motion to strike should be considered first and then the motion to exclude.

## DISCUSSION

**A. MOTION TO STRIKE SUPPLEMENTAL DISCLOSURES**

Fed. R. Civ. P. 26(a)(2)(B), requires, in part, that retained expert witness reports contain a "complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them . . ." Further, parties must "supplement or correct" information in expert witness reports or information given during the expert's deposition if the information is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(2).

Under Fed. R. Civ. P. 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

The United States' motion to strike (Dkt. 63) should be denied without prejudice. It is not clear that most of the information that the United States identifies is truly new. It does not appear to substantially depart from prior information that was provided.

More importantly, this is a bench trial. To the extent that there may be new information, the timeliness of the supplemental disclosures may be raised at trial. The Court may consider whether the "failure was substantially justified or harmless" considering the relevant evidence actually introduced at trial and whether to "impose other appropriate sanctions" at that time. Fed. R. Civ. P. 37(c)(1)(C).

**B. STANDARD ON MOTION TO EXCLUDE EXPERT TESTIMONY**

Under Fed. R. Evid. 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702 requires that a district judge "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). "'Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant

discipline.'" *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022)(*quoting Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013)).

In determining whether an expert's opinion is reliable, the district court "must assess the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance." *Elosu* at 1024 (*internal citations omitted*). These reliability factors are nonexclusive - "the trial court has discretion to decide how to test an expert's reliability based on the particular circumstances of the particular case." *Id*.

In considering motions to exclude expert witnesses, the court acts as a "gatekeeper, not a fact finder." *Primiano v. Cook*, 598 F.3d 558, 568 (9th Cir. 2010). It does not test the "correctness of the expert's conclusions but the soundness of [their] methodology." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 43 F.3d 1311, 1318 (9th Cir. 1995)(*on remand*).

### C.  MOTION TO EXCLUDE EXPERT OPINIONS UNDER FED. R. CIV. P. 702

The United States motion to exclude the testimony of Dr. Kradin, Dr. Heyer, and Mr. DePasquale pursuant to Fed. R. Evid. 702 (Dkt. 56) should be denied. The Plaintiff has demonstrated that their "scientific, technical, or specialized knowledge" will help the Court understand the evidence or determine facts in issue. Fed. R. Evid. 702(a).

The experts' opinions are based on "sufficient facts or data." Fed. R. Evid. 702(b). The United States argues that Dr. Kradin's causation opinion, and Dr. Heyer's and Mr. DePasquale's opinions regarding para-occupational exposure should be excluded because they rest on assumptions and conjecture regarding Ms. Perkins's asbestos exposure. Dkt. 56. The Plaintiff has sufficiently shown that the United States' assertion is belied by the record. Further, to the extent Dr. Kradin's opinions are based on assumptions, as a physician, he is entitled to "use [his]

knowledge and experience as a basis for weighing known factors along with the inevitable uncertainties to make a sound judgment in each case." *Elosu* at 1025. The United States' arguments go more to the weight to be accorded the proffered testimony.

The Plaintiff has sufficiently shown that Dr. Kradin, Dr. Heyer, and Mr. DePasquale's opinions "are the product of reliable principles and methods" and each opinion "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(c)-(d). The United States contends that the experts' opinions regarding Mrs. Perkins's environmental exposure to asbestos should be excluded because their methodologies for arriving at their opinion are unreliable. Dkt. 56. It reasons that the experts did not assess how much asbestos exposure Mrs. Perkins would have received or how much would have been sufficient to be a significant factor in the development of mesothelioma. *Id.* The United States argues that the Plaintiff's experts failed to provide any reliable scientific basis to support their theory that an asbestos fiber could have traveled from PSNS into Mrs. Perkins's home in a large enough dose to have been a substantial contributing factor to her mesothelioma. *Id.* It also argues that Dr. Kradin's opinion should be excluded because it rests on the widely discredited "every exposure" and "cumulative exposure" theory. *Id.* The Plaintiff has pointed to sufficient portions of the witnesses' opinions which contradict the United States' contentions. Further, the United States' arguments go more to the weight to which the expert opinions are entitled, not to their admissibility. The Plaintiff adequately demonstrates that Dr. Kradin's opinion is the product of "reliable principles and methods" and that he properly applied those principles and methods that he describes in his report to Mrs. Perkins's situation. Fed. R. Evid. 702(d).

D.  **MOTION TO EXCLUDE DR. HEYER AND MR. DEPASQUALE UNDER FED. R. EVID. 403**

Under Fed. R. Evid. 403, the court may exclude relevant evidence if it is "needlessly . . . cumulative evidence."

The United States' motion to exclude Dr. Heyer and Mr. DePasquale's opinions as cumulative should be denied. It is not yet clear whether their opinions will be "needlessly" cumulative.

## ORDER

It is **ORDERED** that:

- Defendant United States' motion to strike Plaintiff's experts' supplemental testimony (Dkt. 63) **IS DENIED WITHOUT PREJUDICE;** and

- Defendant United States' Motion to Exclude the Opinion Testimony of Plaintiff's Experts Christopher Depasquale, Nicholas Heyer, and Richard Kradin (Dkt. 56) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of April, 2024.

ROBERT J. BRYAN
United States District Judge